[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIVA'S MOTION TO STRIKE EXHIBITS ATTACHED TO WYATT'S POST-HEARING BRIEF
On October 16 and 17, 2002, this court heard evidence on the parties' applications for prejudgment attachment of each other's assets in connection with the above-captioned action, in which the defendant has asserted counterclaims and claims against third parties. On October 25, 2002, Wyatt Energy, Inc. ("Wyatt") filed a post-hearing brief, to which it attached several documents. Motiva Enterprise LLC, Shell Oil Co, Shell Oil Products Co. and Equiva Trading Co. (collectively, "Motiva") have objected to the inclusion of these documents and moved to strike them on the ground that they constitute evidence that is not admissible after the conclusion of the hearing.
The attachments to which Motiva objects are documents titled as follows:
 A. National Energy Policy, Report of the National Energy Policy Development Group (May 2001).
 B. Antitrust Guidelines for Collaborations Among Competitors, Issued by the Federal Trade Commission and the U.S. Department of Justice (April 2000).
 C. "Horizontal Merger Guidelines of the National Association of Attorneys General," Antitrust Trade Regulation Report, Special Supplement (April 1, 1993).
 D. "The Economic Impact of Connecticut's Deepwater Ports: An IMPLAN and REMI Analysis," Connecticut Center for Economic Analysis (May 23, 2001).
 E. Page 65 from Sullivan, Lawrence and Grimes, "The Law of Antitrust: An Integrated Handbook" (West Group 2002).
F. A memorandum of decision (an apparently unpublished "slip opinion") CT Page 14324 from the U.S. District Court for the District of Connecticut, Women's Health Services, P.C. v. Danbury Hospital, Docket No. 3:98CV2495 (DJS).
Motiva asserts that attachments A-F constitute evidence that may not be put before the trier of fact without a sponsoring witness "or other valid basis for them to be admitted." The propriety of the attachments depends on whether they constitute evidence or legal authority. If the attachments are evidentiary in nature, they are inadmissible because they were not introduced at the time of the evidentiary hearing, and the proper way to supplement the evidence is to seek leave to open the evidence. Season-All Industries, Inc. v. R.J. Grosso, Inc., 213 Conn. 486,492-93. If they are merely citations of legal authority, they may properly be supplied to the court in this manner.
Clearly, a judicial decision is not evidence but legal authority, and there is no basis for striking Exhibit F, which is merely a trial court ruling cited for its legal conclusions. Practice Book § 5-9 expressly permits a party to furnish the court with an unpublished judicial opinion.
Exhibit E, a page from a treatise, is likewise provision of legal authority, not evidence. Its inclusion as an exhibit merely adds convenience to the alternative course of citing the book and the page so that the court could locate it if the book is available in the local law library's collection.
Attachments E and F are merely statements of legal authorities and were properly attached to Wyatt's post-hearing brief.
Attachments A through D are not, by contrast, cited merely as legal authorities or commentaries on legal principles.
Attachment A.
Wyatt cites Attachment A not for any legal principles or standards but for evidentiary matter contained in it: "Gasoline distributed into and throughout Connecticut and portions of western Massachusetts . . . is delivered into the region primarily by ship to marine terminals because New England does not have refineries and is not connected to the interstate pipeline system." The factual statements in Exhibit A are hearsay statements of fact, presented by Wyatt for the truth of their contents.
Even if it were proper to submit evidence ex parte after the conclusion of a hearing, the Code of Evidence, at Sec. 8-2, provides that hearsay is CT Page 14325 inadmissible unless an exception exists. Section 8-3 (8) exempts from the preclusion of the hearsay rule statements in learned treatises only in a specific situation: "To the extent called to the attention of an expert witness on cross-examination or relied on by the expert witness in direct examination . . ." Exhibit A would thus not have been admissible at trial, and its factual content may not be relied upon.
Attachments B and C
Attachment B, agency guidelines, is relied on as a statement of the policy of certain agencies with regard to enforcement of antitrust laws. Since Wyatt claims that it terminated its terminalling contract because of fears that it would be pursued for an antitrust violation, Wyatt is apparently depending on this document as evidence that its fears were justified. The document is neither a statute nor a regularly enacted regulation codified in either state or federal regulations, and it is not cited as legal authority, but as evidence of a particular fact, that is, the risk of enforcement. Wyatt argues from them that ". . . the Connecticut attorney general would have appropriately attached as an illegal horizontal merger the combination of Motiva's control of the Wyatt terminal and Motiva's purchase of the Cargill terminal."
Similarly, Wyatt relies on Attachment C not as a citation of legal authority but for its tendency to establish as fact that an antitrust prosecution could have ensued.
Attachment D
Wyatt relies on Attachment D as a source of fact: the estimate that if gasoline had to be trucked into the area instead of being brought in by ship and transported partly by pipeline, the price of gasoline would be 10% higher. (Brief, p. 9.)
Conclusion
The motion to strike is denied as to Attachments E and F and granted as to Attachments A through D and to all references to factual matters stated in those documents.
___________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 14326